# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
01/24/2017
CT Log Number 530570428

| | |
|---|---|
| TO: | Mary Lord<br>Red Bull North America, Inc.<br>1630 Stewart Street<br>Santa Monica, CA 90404 |
| RE: | **Process Served in California** |
| FOR: | Red Bull North America, Inc.  (Domestic State: CA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JOSH RADTKE, Pltf. vs. RED BULL NORTH AMERICA, INC., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Instructions, Complaint, Notice |
| **COURT/AGENCY:** | San Benito County - Superior Court - Hollister, CA<br>Case # CU1700007 |
| **NATURE OF ACTION:** | Violation of Unfair Competition Law |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/24/2017 at 14:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Todd M. Friedman<br>Law Offices of Todd M. Friedman, P.C.<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>877-206-4741 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/25/2017, Expected Purge Date: 01/30/2017<br><br>Image SOP<br><br>Email Notification,  Mary Lord  mary.lord@us.redbull.com<br><br>Email Notification,  Simon Keshishian  simon.keshishian@us.redbull.com<br><br>Email Notification,  Carlos Kuri  carlos.kuri@us.redbull.com<br><br>Email Notification,  Brittany Takai  brittany.takai@us.redbull.com<br><br>Email Notification,  Sapna Pandya  sapna.pandya@us.redbull.com<br><br>Email Notification,  Rochelle Lewis  rochelle.lewis@us.redbull.com<br><br>Email Notification,  Ali Kazmi  Ali.Kazmi@us.redbull.com |
| **SIGNED:** | C T Corporation System |

Page 1 of  2 / AP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

# Service of Process Transmittal

01/24/2017
CT Log Number 530570428

**TO:** Mary Lord
Red Bull North America, Inc.
1630 Stewart Street
Santa Monica, CA 90404

**RE:** **Process Served in California**

**FOR:** Red Bull North America, Inc.   (Domestic State: CA)

**ADDRESS:**       818 West Seventh Street
                   Los Angeles, CA 90017
**TELEPHONE:**     213-337-4615

Page 2 of  2 / AP

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

**COPY**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RED BULL NORTH AMERICA, INC., and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSH RADTKE,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Sup'r Ct. of Cal., Cnty of San Benito<br>450 Fourth Street<br>Hollister, CA 95023 | CASE NUMBER:<br>*(Número del Caso)*<br>**CU-17-00007** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780  Woodland Hills, CA 91367, 877-206-4741

| DATE: **JAN 20 2017**<br>*(Fecha)* | Clerk, by *Aurelia Rodriguez*<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: **RED BULL NORTH AMERICA,, INC.**

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 1-24-17

(SEAL)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.

BY FAX

COPY

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Todd M. Friedman, Esq. SBN 216752
Law Offices of Todd M. Friedman
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
TELEPHONE NO.: 877-206-4741      FAX NO.: 866-633-0228
ATTORNEY FOR *(Name):* Plaintiff, JOSH RADTKE

**FOR COURT USE ONLY**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BENITO

JAN 20 2017

BY /Aurelia Rodriguez/
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Benito
STREET ADDRESS: 450 Fourth Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hollister 95023
BRANCH NAME: Superior Court of California, County of San Benito

CASE NAME:
JOSH RADTKE v. RED BULL NORTH AMERICA, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | CU-17-00007 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[✓] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):* 5
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 19, 2017

Todd M. Friedman
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary cause of action.** To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., *discrimination,*
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

# COPY

1  Todd M. Friedman (216752)
   Adrian R. Bacon (280332)
2  Meghan E. George (274525)
   Thomas E. Wheeler (308789)
3  Law Offices of Todd M. Friedman, P.C.
   21550 Oxnard St., Suite 780
4  Woodland Hills, CA 91367
   Phone: 877-206-4741
5  Fax: 866-633-0228
   tfriedman@toddflaw.com
6  abacon@toddflaw.com
   mgeorge@toddflaw.com
7  twheeler@toddflaw.com
8  Attorneys for Plaintiff

9  *Attorneys for Plaintiff, Josh Radtke*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BENITO

JAN 20 2017

BY *J Aurelia Rodriguez*
DEPUTY CLERK

10        SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              FOR THE COUNTY OF SAN BENITO

12

13  JOSH RADTKE,                          Case No. **CU - 17 - 00007**

14              Plaintiff,

15       vs.                              **COMPLAINT**
                                          Amount to Exceed $25,000
16  RED BULL NORTH AMERICA, INC., and
    DOES 1-10, inclusive,                 (1)  Violation of Unfair Competition Law
17                                              (Cal. Business & Professions Code
                                                §§ 17500 *et seq.*) and
18              Defendant.                 (2)  Violation of Unfair Competition Law
                                                (Cal. Business & Professions Code
19                                              §§ 17200 *et seq.*)
                                           (3)  Strict Liability (Violation of Federal Food
20                                              Drug and Cosmetic Act, 21 U.S.C. §
                                                342(a), and California's Sherman Food,
21                                              Drug, and Cosmetic Laws, California
                                                Health and Safety Code §109875 *et. seq.*)
22                                         (4)  Negligence and Negligence Per Se
                                           (5)  Negligent Infliction of Emotional Distress
23
                                          **Jury Trial Demanded**
24

25

26

27

28

BY FAX

COMPLAINT

Plaintiff JOSH RADTKE ("Plaintiff") alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff bring this Complaint against Defendant RED BULL NORTH AMERICA, INC. (hereinafter "Defendant" or "Red Bull") to stop Defendant's practice of falsely advertising and selling its product, Red Bull Energy Drink, ("the Product") as an edible consumer good when the Product in fact contains rodents that render the product inedible and dangerous for consumption.

2.     Plaintiffs bring this Complaint to obtain redress for a nationwide class of consumers ("Class Members") who purchased, within the applicable statute of limitations period, one of the Products produced and sold by Defendant.

3.     Defendant is a California corporation, with its headquarters in California, that is engaged in the production, sale, and distribution of drinks products nationwide.

4.     Defendant represents that its Product is a drink product that is safe to consume.

5.     Plaintiff purchased the Product with the intent to consume it.

6.     Defendant misrepresented and falsely advertised to Plaintiff that the Product was an edible consumer good when the Product in fact contained rodents that render the product inedible and dangerous for consumption contrary to how they were advertised.

7.     Upon information and belief, Defendant has been fully aware that the Product contained such defects rendering it inedible.

8.     Defendant's misrepresentations to Plaintiff caused him to purchase the Product, which Plaintiff would not have purchased absent these misrepresentations by Defendant and its employees. In so doing, Defendant has violated California consumer protection statutes.

9.     Because of the consumption of the Product, Plaintiff became seriously sick, had to seek medical attention, and has continued to suffer adverse health effects.

10.    Plaintiff is informed and believes and based upon such information and belief alleges that Defendant knew or should have known of the probable dangerous consequences of rodent contamination from its conduct in producing the Product in defective, unsafe, and

1   dangerous conditions.  Defendant is in the business of manufacturing, distribution, and selling

2   ready-to-consume beverages for consumption by consumers with no further steps.  By failing

3   to adequately supervise, control, or otherwise provide for the quality and standards of its

4   Products, Defendant willfully and negligently exposed Plaintiff to contamination in its products

5   through the presence of a rodent contained within the Product.

6                **NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT**

7        11.    Consumers purchase Products with the intent of consuming them for sustenance

8   and enjoyment.

9        12.    Consumers rely on the representations and advertisements of retailers in order to

10  know which products to purchase.

11       13.    Defendant is a producer that is engaged in the producing, marketing, supplying

12  and distributing of Products advertised to be edible and safe energy drinks, when in fact the

13  Product contains rodents that render the product inedible and dangerous for consumption.

14       14.    Defendant profits from the sale of the Products advertised as edible energy

15  drinks. Without that advertisement, consumers would not have purchased the Products because

16  the purpose for purchasing the Products is to consume and enjoy them, which they are unable

17  to do due to the rodents.

18       15.    In actual fact, the Products contain rodents that render the product inedible and

19  dangerous for consumption contrary to how Defendant advertises them.

20       16.    Consumers are unable to ascertain that the Products will be inedible and

21  dangerous based on the advertising and representations of Defendant.

22       17.    Defendant makes written representations to consumers which contradict the

23  actual nature of the Product, namely that it contains rodents that renders it inedible.

24       18.    The aforementioned written and oral representations are objectively false, and

25  constitute a false advertisement under Cal. Bus. & Prof. Code §§ 17500 et. seq., and an unlawful,

26  unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq.

27

28

## JURISDICTION AND VENUE

19.    This action is brought pursuant to California *Code of Civil Procedure* § 382. The damages and restitutions ought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

20.    This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

21.    This Court has Jurisdiction over the Defendants because, upon information and belief, Defendant Red Bull North America, Inc. is a California corporation registered in California that intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

22.    Venue is proper in this Court because, upon information and belief, Plaintiff purchased the Product at a market located at 6509 Fairview Rd, Hollister CA 95023.  Thus, Defendant transacts business in this County and the acts and omissions alleged herein took place in this County.

## THE PARTIES

23.    Plaintiff Josh Radtke is a citizen and resident of the State of California, County of San Benito.

24.    Defendant RED BULL NORTH AMERICA, INC. is a corporation with its principal place of business and headquarters located in California.  Defendant is a California Corporation.  Defendant conducts a large share of its business within California.

25.    Plaintiff is informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's

1  employees, agents, and/or third parties acting on its behalf, were in accordance with, and

2  represent, the official policy of Defendant.

3      26.    Plaintiff is informed and believes, and thereon alleges, that said Defendant is in

4  some manner intentionally, negligently, or otherwise responsible for the acts, omissions,

5  occurrences, and transactions of each and all its employees, agents, and/or third parties acting

6  on its behalf, in proximately causing the damages herein alleged.

7      27.    At all relevant times, Defendant ratified each and every act or omission

8  complained of herein. At all relevant times, Defendant, aided and abetted the acts and omissions

9  as alleged herein.

10                      **PLAINTIFF'S FACTS**

11      28.    On or around February 26, 2016, Plaintiff purchased the Product from a market

12  located at 6509 Fairview Rd., Hollister CA 95023.

13      29.    For the Product, Plaintiff paid more than valuable consideration.

14      30.    Including taxes and fees, Plaintiffs paid over $3.59.

15      31.    Defendant advertised the Product as an edible drink product that would be

16  enjoyable to consume.

17      32.    Relying on the assurance that the Product would be edible, Plaintiff decided to

18  purchase the Product, as he was in the process of shopping for food items in the afternoon.

19  Plaintiff purchased the Product because of the assurance that the Product was edible and

20  enjoyable.

21      33.    Upon attempting to consume the Product, Plaintiff became violently ill and had

22  to go to an urgent care facility for treatment.

23

24

25

26

27

28

34.    At the urgent care facility, the staff opened the can and discovered that a dead rodent was contained within the can, causing Plaintiff's illness. The following is a picture of the can:



35.    Upon discovering this defect, Plaintiff felt ripped off, cheated by, disgusted by, and damaged by Defendant.

36.    Such sales tactics as used by Defendant rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

37.    Defendant expressly represented to Plaintiff, through written statements and advertising, that the Product would be edible and enjoyable.

38.    Further, Defendant made no representations that the Product contained rodents.

39.    Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase Products in spite of the significant defects

1    and problems with the nature of the Products.

2         40.   Plaintiff would not have purchased the Product if he knew that the above-

3    referenced statements made by Defendant were false, and that it would contain rodents.

4         41.   Had Defendant properly marketed, advertised, and represented the Products as

5    containing rodents, Plaintiff would not have purchased the Product.

6         42.   Plaintiff gave his money to Defendant because of the promised edible and

7    enjoyable nature of the Product. Defendant benefited from falsely advertising the nature of the

8    Product and failing to disclose its serious defects. Plaintiff received nothing for giving his

9    money to Defendant for the Product, and instead suffered severe disgust and damage instead.

10   Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in

11   exchange.

12        43.   Had Defendant properly marketed, advertised, and represented the Product as

13   being inedible and containing rodents, no reasonable consumer who purchased the Product

14   would have believed that it was edible, the sole purpose for purchasing the Product.

15        44.   As a result of consuming Defendant's Product, Plaintiff continues to suffer

16   emotional and psychological harm, including becoming nauseous when drinking out of any

17   canned beverages.  Defendant's conduct has caused a serious, lasting negative impact on

18   Plaintiff's health and well-being.

19                         FIRST CAUSE OF ACTION

20                  Violation of the California False Advertising Act

21                     (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

22        45.   Plaintiff incorporate by reference each allegation set forth above.

23        46.   Pursuant to California Business and Professions Code section 17500, *et seq.*, it

24   is unlawful to engage in advertising "which is untrue or misleading, and which is known, or

25   which by the exercise of reasonable care should be known, to be untrue or misleading...or...to

26   so make or disseminate or cause to be so made or disseminated any such statement as part of a

27   plan or scheme with the intent not to sell that personal property or those services, professional

28

1    or otherwise, so advertised at the price stated therein, or as so advertised."

2        47.    California Business and Professions Code section 17500, *et seq.*'s prohibition

3    against false advertising extends to the use of false or misleading written statements.

4        48.    Defendant misled consumers by making misrepresentations and untrue

5    statements about the Products, namely, Defendant sold the Red Bull Energy Drink as an edible

6    product that would be enjoyable to consume, when in fact the Products contained rodents that

7    rendered the Products inedible, and made false representations to Plaintiff in order to solicit his

8    transactions.

9        49.    Defendant knew that its representations and omissions were untrue and

10   misleading, and deliberately made the aforementioned representations and omissions in order

11   to deceive reasonable consumers like Plaintiff.

12       50.    As a direct and proximate result of Defendant's misleading and false advertising,

13   Plaintiff suffered injury in fact and have lost money or property.  Plaintiff reasonably relied

14   upon Defendant's representations regarding the Products, namely that the Product would be

15   edible and enjoyable.  In reasonable reliance on Defendant's false advertisements, Plaintiff

16   purchased the Product.  In turn Plaintiff ended up with a Product that contained rodents

17   rendering the product inedible, suffering significant disgust at the discovery after having paid

18   reasonable consideration for the Product, and therefore Plaintiff has suffered injury in fact.

19       51.    Plaintiff alleges that these false and misleading written representations made by

20   Defendant constitute a "scheme with the intent not to sell that personal property or those

21   services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

22       52.    Defendant advertised to Plaintiff, through written representations and omissions

23   made by Defendant and its employees, that the Product would be edible and enjoyable.

24       53.    Defendant knew that the Product in fact contained rodents rendering the products

25   unsafe to consume.

26       54.    Thus, Defendant knowingly sold Products to Plaintiff that were not safely

27   consumable, but instead could cause significant harm if consumed.

28

55.    The misleading and false advertising described herein presents a continuing threat to Plaintiff in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.  Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff of Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION

### Violation of Unfair Business Practices Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

56.    Plaintiff incorporates by reference each allegation set forth above.

57.    Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

58.    California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."  Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to

1  further Defendant's legitimate business interests, other than the conduct described herein.

2  Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts

3  or practices. Such conduct is ongoing and continues to this date.

4      59.   In order to satisfy the "unfair" prong of the UCL, a consumer must show that the

5  injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or

6  competition; and, (3) is not one that consumers themselves could reasonably have avoided.

7      60.   Here, Defendant's conduct has caused and continues to cause substantial injury

8  to Plaintiff. Plaintiff has suffered injury in fact due to Defendant's decision to sell him falsely

9  described Red Bull Energy Drink (Products), which contained rodents rendering them inedible

10  and causing harm if consumed. Thus, Defendant's conduct has caused substantial injury to

11  Plaintiff.

12      61.   Moreover, Defendant's conduct as alleged herein solely benefits Defendant

13  while providing no benefit of any kind to any consumer. Such deception utilized by Defendant

14  convinced Plaintiff that the Products would be edible and enjoyable, in order to induce them to

15  spend money on said Products over other alternatives. In fact, knowing that Products would be

16  inedible to Plaintiff, Defendant unfairly profited from their sale, in that Defendant knew that

17  the expected benefit that Plaintiff would receive from the Product was non-existent, when this

18  is typically never the case in situations involving the sale of products intended to provide a

19  benefit. Thus, the injury suffered by Plaintiff is not outweighed by any countervailing benefits

20  to consumers.

21      62.   Finally, the injury suffered by Plaintiff is not an injury that these consumers could

22  reasonably have avoided. After Defendant falsely represented that Products were edible and

23  enjoyable, Plaintiff suffered injury in fact due to Defendant's sale of Products to him that were

24  inedible and could cause significant harm if consumed. In fact, Plaintiff did suffer significant

25  harm as he had to seek treatment at an urgent care center as a result of the Products. Defendant

26  failed to take reasonable steps to inform Plaintiff that the Products were inedible. As such,

27  Defendant took advantage of Defendant's position of perceived power in order to deceive

28

1  Plaintiff to purchase Red Bull Energy Drinks that were defective. Therefore, the injury suffered

2  by Plaintiff is not an injury which he could reasonably have avoided.

3       63.    Thus, Defendant's conduct has violated the "unfair" prong of California Business

4  & Professions Code § 17200.

5  **FRAUDULENT**

6       64.    California Business & Professions Code § 17200 prohibits any "fraudulent ...

7  business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a

8  consumer must allege that the fraudulent business practice was likely to deceive members of

9  the public.

10       65.    The test for "fraud" as contemplated by California Business and Professions

11  Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a §

12  17200 violation can be established even if no one was actually deceived, relied upon the

13  fraudulent practice, or sustained any damage.

14       66.    Here, not only were Plaintiffs likely to be deceived, but these consumers were

15  actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed

16  to purchase Products under the basic assumption that it would be edible, even though the

17  Product actually contained rodents that rendered it inedible. Plaintiff's reliance upon

18  Defendant's deceptive statements is reasonable due to the unequal bargaining powers of

19  Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business

20  practice would deceive other members of the public.

21       67.    As explained above, Defendant deceived Plaintiff by representing the Products

22  as being edible and enjoyable when they actually were inedible and could cause significant harm

23  if consumed.

24       68.    Thus, Defendant's conduct has violated the "fraudulent" prong of California

25  Business & Professions Code § 17200.

26  **UNLAWFUL**

27       69.    California Business and Professions Code Section 17200, et seq. prohibits "any

28

unlawful...business act or practice."

70.    As explained above, Defendant deceived Plaintiff by representing the Products as being edible when they actually contained rodents that rendered them inedible and unsafe to consume.

71.    Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff to purchase the Products, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented the Products, Plaintiff would not have purchased the Products. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff.

72.    These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq.*

73.    Further, Defendant's practices violated California's Sherman Food, Drug, and Cosmetics Law along with other food safety laws, as noted below, which also makes its practices unlawful.

74.    Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff seeks an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

### THIRD CAUSE OF ACTION

### Strict Liability

(Violation of Federal Food Drug and Cosmetic Act, 21 U.S.C. § 342(a), and California's Sherman Food, Drug, and Cosmetic Laws, California Health and Safety Code §109875 *et. seq.*)

75.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

76.    Defendant is in the business of manufacturing or selling food products or food

1  ingredients, and is in the chain of distribution for the Product.  As a result of being the

2  manufacturer of the Products, defendant is a participant in the enterprise responsible for

3  placing the Product in the stream of commerce and, thus, subject to strict liability under the

4  laws of California.

5       77.   The Product that Plaintiff purchased and consumed was a ready-to-eat product,

6  intended for consumption without further preparation, cooking, or other step.

7       78.   A ready-to-eat product that is contaminated is adulterated within the meaning

8  of Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 342(a), and implementing regulations,

9  and California's Sherman Food, Drug, and Cosmetic Act, Cal. Health & Safety Code §

10  110545.  In addition, a ready-to-eat product that is contaminated is defective, unreasonably

11  dangerous, and not fit for human consumption.  The subject product was adulterated, as well

12  as being defective, unreasonably dangerous, and not fit for human consumption.

13       79.   The Product was expected by Defendant to reach all consumers, and to be

14  consumed by them, without any substantial change, and the Product did in fact reach the

15  Plaintiff without any substantial change in the product.

16       80.   Plaintiff consumed the Product, having received the same without any

17  substantial change occurring, and he consumed the Product in the manner expected and

18  intended, including when he consumed it.

19       81.   Plaintiff became seriously ill as a result of consuming the defective and

20  unreasonably dangerous Product.  Further, Plaintiff suffered severe injury as alleged above, as

21  a direct and proximate result of the consumption of the Product.  Accordingly, the Defendant

22  is strictly liable to Plaintiff for all damages proximately caused by the manufacture and sale of

23  a defective and unreasonably dangerous food product or food product ingredient.

24                    FOURTH CAUSE OF ACTION

25                  NEGLIGENCE & NEGLIGENCE PER SE

26       82.   Plaintiff repeats and realleges the preceding paragraphs as though fully set forth

27  herein.

28

83. Defendant was negligent in the manufacture, sale, or distribution of the Product, thus causing the subject illness, and thus causing Plaintiff's injury.

84. More specifically, Defendant owed a duty to properly supervise, train, and monitor employees, or the employees of its agents or subcontractors, in the preparation of the product or product-ingredients it sold, doing so to ensure compliance with Defendant's own specifications and performance standards, as well as to ensure compliance with all applicable health regulations, including the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 342(a), implementing regulations, 21 C.F.R. § 109.3(c) & (d), FDA Good Manufacturing Practices regulations, 21 C.F.R. Part 110, Subparts (A)-(G), and California's Sherman Food, Drug, and Cosmetics Act, § 402(a), as codified at 21 U.S.C. § 342(a), which bans the manufacture, sale and distribution of any "adulterated" food, and California's Sherman Food, Drug, and Cosmetic Act, Cal. Health & Safety C. § 110545, which imposes an identical ban on such adulteration.

85. Under both federal and applicable state law, food is adulterated if it contains a "poisonous or deleterious substance, which may render it injurious to health." Foreign contaminants such as a rodent is such a substance. Thus, by either manufacture, distribution, storage, or sale of the Product, Defendant breached its statutory and regulatory duties, and the Plaintiff was injured as a direct and proximate result of such breach.

86. Defendant's negligent acts and omissions included, but were not limited to:

    a. Failure to prevent the contamination of the product by rodents, including the failure to implement or non-negligently perform inspection and monitoring of the product such that its adulterated condition would be discovered prior to its sale or distribution to the public for human consumption.

    b. Failure to properly supervise, train, and monitor its employees, or the employees of its agents or subcontractors, on how to ensure the manufacture, distribution or sale of food free from

1  adulteration by potentially dangerous pathogens.

2      87.    The federal and state food safety regulations applicable here, and as set forth

3  above, establish a positive and definite standard of care in the import, manufacture,

4  distribution and sale of food, and the violation of these regulations constitutes negligence *per*

5  *se.*

6      88.    Plaintiff was in the class of persons intended to be protected by these statutes

7  and regulations, and was injured as the direct and proximate result of Defendant's violation of

8  applicable federal, state and local food safety regulations.

9      89.    Defendant breached the aforementioned duties as alleged above, which the

10  breach of constituted the proximate cause of injury to the Plaintiff.

11                    **FIFTH CAUSE OF ACTION**

12        **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

13      90.    Plaintiff repeats and realleges the preceding paragraphs as though fully set forth

14  herein.

15      91.    Defendant knew or should have known that its failure to exercise due care in

16  the performance of its duties would cause Plaintiff severe emotional distress.

17      92.    As a proximate result of Defendant's acts as alleged above, Plaintiff suffered

18  severe emotional distress and mental suffering all to his detriment.

19      93.    In committing the acts alleged in this Complaint, Defendant knew or should

20  have known of the defective, unsafe, and dangerous conditions of the Products that it

21  manufactured and sold to Plaintiff. In committing the acts described in this Complaint,

22  Defendant acted in conscious disregard of the rights and safety of Plaintiff and are guilty of

23  malice, oppression, and/or fraud thereby warranting an assessment of punitive damages in an

24  amount appropriate to punish the Defendant and deter others from engaging in similar

25  wrongful conduct.

26                    **MISCELLANEOUS**

27      94.    Plaintiff alleges that he has fully complied with all contractual and other legal

28

obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

95.   Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

96.   Plaintiffs, on behalf of herself and the Class, requests the following relief:

a)   For compensatory damages in an amount according to proof with interest thereon;

b)   For economic and/or special damages in an amount according to proof with interest thereon;

c)   For Defendant to be found to have engaged in unfair competition in violation of California Business and Professions Code §§ 17200, et seq.;

d)   For Defendant to be ordered and enjoined to make restitution to Plaintiff and disgorgement of profits from their unlawful business practices and accounting, pursuant to California Business and Professions Code §§ 17203 and 17204;

e)   For general damages, in an amount according to proof;

f)   For special damages, in an amount according to proof;

g)   For loss of earnings, in an amount according to proof, with interest thereon

h)   For medical expenses and related items of expense, according to proof;

i)   For punitive and exemplary damages, in an amount according to proof

j)   For interests, attorneys' fees and cost of suit; and

k)   Any and all other relief that this Court deems just and proper.

Dated:  January 19, 2017          Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC

By: _____
          TODD M. FRIEDMAN, ESQ.

Attorney for Plaintiff Josh Radtke

Page 16

COMPLAINT

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BENITO

450 Fourth Street • Hollister, CA 95023 • (831) 636-4057 • Fax (831) 636-2046

www.sanbenito.courts.ca.gov

Josh Radtke

Plaintiff(s)

vs.

Red Bull North America, Inc.
et al
Defendant(s)

Case No. CU-17-00007

NOTICE OF INCLUSION IN CIVIL CASE
MANAGEMENT SYSTEM AND NOTICE
OF CASE MANAGEMENT CONFERENCE

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that this action is included in the Civil Case Management System. San Benito Superior Court Local Rule Chapter 3 applies to this action. You are required to comply with obligations specified therein or pursuant to this Notice. **Non-compliance may result in the imposition of sanctions.**

You are further advised that a **Case Management Conference is scheduled for** 5/10/17 at 2:15 p.m. Per California Rule of Court Rule 3.724 parties shall meet and confer no later than 30 calendar days before the first scheduled case management conference. A case management statement shall be filed by each party with proof of service on the opposing party no later than fifteen (15) days prior to the case management conference. Counsel for each party and self-represented party must appear at the conference.

If you would like to appear telephonically, please contact CourtCall at 888-882-6878, option 3, to make arrangements.

Dated: 1/20/17    , by /Aurelia Rodriguez/    , Deputy Clerk

Form Rev. 9/15